George J. PAGE, Sr., Plaintiff–
Appellant,

v.

Jo Ann B. BARNHART, Commissioner
of Social Security, Defendant–
Appellee.

No. 04–2690.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2005.*

Decided Feb. 1, 2005.

As Amended on Denial of Rehearing and
Rehearing En Banc April 1, 2005.

George J. Page, Sr., Adams, WI, pro se.

Carole J. Kohn, Social Security Adminis-
tration Office of the General Counsel, Chi-
cago, IL, for Defendant–Appellee.

Before MANION, EVANS, and
WILLIAMS, Circuit Judges.

**ORDER**

George Page, Sr. applied for disability
benefits and supplemental security income,
claiming that chronic lower back pain
caused by a work-related injury prevented
him from working. The Social Security
Administration denied his application, and
an administrative law judge concluded that
he was not disabled. After the Appeals
Council denied review, the ALJ's ruling
became the final decision of the Commis-
sioner of Social Security. The district
court affirmed and Page appeals. We af-
firm because substantial evidence supports
the ALJ's decision.

This appeal concerns Page's July 2001
application for benefits, his third applica-
tion since he last worked in March 1997.
His prior applications were denied in June
1999 and May 2001 after hearings by
ALJs, and Page did not challenge either of
those decisions in federal court. The
Commissioner, though, does not argue that

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

any part of Page's claim is precluded by the prior decisions.

Page, who was born in 1953, was employed as a machine operator from 1981 until 1996, when he had a spinal fusion for a 1993 back injury. He returned to his job five months later performing light and sedentary parts packing work. In his 2001 application, Page alleged that he was laid off in 1997 and that chronic lower back pain has prevented him from working since then.

The ALJ reviewed the reports of five doctors who examined Page between September 2001 and December 2002, and gleaned from them that Page had a normal gait, strength and sensation, that he could meet all the physical demands of sedentary work and had fair to good mental capacities for employment. One doctor noted a fractured screw that did not require any treatment, and another reported diffuse tenderness across the lumbosacral region. Page has multi-level degenerative disc disease, a breakdown of the discs that separate the vertebrate of the spine.

At a hearing in December 2002, Page testified that he suffers chronic pain in his lower back that sometimes radiates to his legs or shoulders. He stated that his activities are very limited. He prepares meals in the microwave, plays solitaire on his computer, and watches television. He washes dishes, though this takes him "quite a while," and he shops for groceries, though his son carries the groceries up to the apartment. Pain prevents him from sleeping more than two hours a night. He said that he takes Oxycontin about five times a week to relieve his pain, but avoids taking the drug more frequently because he fears becoming addicted. He also stated that he cannot lift more than a gallon of milk, or stand for more than twenty minutes, or sit for more than thirty to forty-five minutes. He added that he also must lie down a few times during the day.

The ALJ asked a vocational expert to testify regarding the job prospects for a series of three hypothetical individuals of Page's age, education, and work experience, each with a different residual functional capacity ("RFC"). The first individual could lift twenty pounds occasionally and ten pounds frequently, and sit or stand for only thirty minutes at a time. The VE gave examples of several thousand light and sedentary jobs such an individual could perform in the economy (e.g., 4,000 light industrial assembly jobs in Wisconsin). The second hypothetical individual resembled the first except that he could perform only limited bending, pushing, pulling and twisting, and no climbing or crouching. The VE testified that these additional limitations would eliminate the individual's ability to perform any light jobs, but that such a person would still be able to perform several thousand sedentary jobs (e.g., 7,200 bench-work assembly jobs in Wisconsin). The ALJ's final hypothetical involved an individual with more extreme limitations than Page, even measured by Page's own testimony. The VE testified that there were no jobs in the economy for an individual with the previous limitations and who in addition could work only four hours per day, needed to lie down four hours per day, and would be absent due to pain at least two times per month.

The ALJ applied the five-step analysis of 20 C.F.R. § 404.1520(a)(4)(i)—(v) to find that Page had not engaged in substantial gainful employment since the alleged onset of his disability (step one); that his back pain was a severe impairment (step two); but that it did not qualify as a listed impairment (step three). After determining that Page retained the RFC to perform light work, which is simple, routine, repetitive, and low stress, the ALJ concluded that he was unable to perform his past relevant work (step four), but that he

could perform other work in the national economy (step five).

Page's brief on appeal is almost devoid of legal argument and supporting authority and nearly fails the requirements for appellants' briefs found in Fed. R.App. P. 28(a)(9). *See Anderson v. Hardman,* 241 F.3d 544 (7th Cir.2001). Nevertheless, generously construing his pro se brief, *id.* at 545, we can discern one issue for review. Page challenges the ALJ's conclusion that he can perform a significant number of jobs in the national economy, arguing that the ALJ twisted the VE's testimony. In fact, Page contends, the VE testified that no jobs would be available in the economy for an individual with his limitations.

Page misunderstands the progression of hypotheticals posed by the ALJ to the VE and the purpose of that line of questioning. The VE testified to the job prospects of hypothetical individuals with various physical limitations, but expressed no opinion about which reflected Page's own abilities. The ALJ subsequently found that Page's RFC was encompassed by the first hypothetical and therefore properly relied on the VE's testimony to find that Page could perform a number of light jobs in the economy. The second hypothetical roughly corresponded to the RFC argued by Page, but the ALJ ultimately found that Page possessed greater physical capacities than he admitted. In any event, even if the ALJ had found that Page's RFC was no greater than that in the second hypothetical, he still would have found Page not disabled had he relied on the VE's testimony because the VE stated that many sedentary jobs would be available to such an individual. Only in response to the ALJ's third hypothetical, which posed an extreme set of physical limitations that Page did not even claim to possess, did the VE

testify that no jobs would be available in the economy.

To the extent that Page raises additional arguments in his reply brief not mentioned in his opening brief, those arguments are waived. *APS Sports Collectibles, Inc. v. Sports Time, Inc.,* 299 F.3d 624, 631 (7th Cir.2002).

AFFIRMED.